Carol Green Clerk of the Kansas Appellate Courts Kansas Judicial Center Topeka, Kansas 66612-1057
Dear Ms. Green:
As clerk of the appellate courts you request our opinion whether a precinct committee person for a political party may serve as a member of a district judicial nominating commission.
K.S.A. 1993 Supp. 20-2906(a) states, in relevant part, as follows:
 "No member of a district judicial nominating commission, while such member is a member, shall hold any office or official position in a political party. . . ." (Emphasis added).
In Attorney General Opinion No. 94-10 we concluded that a member of the district judicial nominating commission (commission) was prohibited from holding either a public office or an official position in a political party. This conclusion was successfully challenged in the district court of Johnson county by a commission member who held public office as a member of the board of trustees for Johnson county community college.Moore v. Robert T. Stephan and State of Kansas, Case No. 94 C 4864, June 13, 1994. In that case, Judge Wheeler reviewed the legislative history of K.S.A. 1993 Supp. 20-2906(a) and concluded that the statute precluded from membership on a district judicial nominating commission a person who holds an office in a political party but not a person who otherwise holds public office.
The issue that we address herein is whether a precinct committee person for a political party holds an "office or official position in a political party". If an individual holds such office or official position, he or she may not serve as a member of a district judicial nominating commission.
The historical background of the district judicial selection process is helpful in understanding the intent of the statute. Prior to 1958, Supreme Court justices and district court judges were elected by the people. On November 4, 1958 the people voted to amend the Kansas constitution by changing the method of selection of Supreme Court justices. The supreme court nominating commission was created — its purpose to select three people, one of whom the governor would select to sit on the high court. Article 3, section 2(f)(4) [now article 3, section 5(g)] provided that "no member of the nominating commission could hold any other public office by appointment or any official position in a political party. . . ." In 1972 the constitution was amended to require the legislature to "provide a method of nonpartisan selection of district judges" which method would be available if chosen by the electors of the judicial district. Kan. Const., art. 3, sec. 6(a).
Pursuant to a 1973 senate joint resolution, a judicial study advisory committee was formed to recommend to the legislature a method of nonpartisan selection for district court judges. The committee's report concluded that the process for selecting district court judges should be similar to the method of selecting Supreme Court justices. Report of the Kansas Judicial Study Advisory Committee, 13 W.L.J. 271 (May, 1974). The committee report contains the following recommendations:
 "While on a commission, no member shall be an officer of a political party, nor should he be eligible for nomination to the district court.
 "This recommendation provides safeguards against partisanship and bias similar to those established for the supreme court nominating commission in article 3, section 5(g) of the Kansas constitution." 13 W.L.J. at p. 383. (Emphasis added).
The committee's recommendations were codified in 1974 in senate bill no. 946 and the language which appears in the present statute was in the original bill.
We agree with Judge Wheeler's conclusion that the purpose of the statute is to protect against bias and partisanship.
 "The perceived evil of political activity interfering with the merit selection process is further evidenced by the provisions of article 3, section 8 of the Kansas constitution which prohibits supreme court justices or judges of the district court holding office under a nonpartisan method to directly or indirectly make any contribution to or hold any office in a political party or organization or take part in any political campaign." Moore v. Robert T. Stephan and State of Kansas, Memorandum Decision at p. 5.
A precinct committee person for a political party is elected by the members of the political party who reside in the precinct. K.S.A. 25-3801. K.S.A. 25-3801 refers to the precinct committee person as holding an "office". Precinct committee persons serve two year terms. K.S.A.25-3807. These committee persons are responsible for electing individuals who are appointed by the governor to fill vacancies in certain public offices. K.S.A. 25-3902, 25-3902(a).
In past opinions we have concluded that precinct committee persons are individuals having duties to a particular political party and who serve as its elected officials. Attorney General Opinions No. 75-193 and 83-27. [Also, see: Am.Jur.2d Elections sec. 124, Moore v. Panish,652 P.2d 32, 38 (Ca. 1982); Los Angeles County Democratic CentralCommittee v. County of Los Angeles, 132 Cal.Reptr. 43, 47 (1976)].
It is our opinion that the intent of K.S.A. 1993 Supp. 20-2906(a) is to protect against political partisanship and bias and, therefore, we conclude that a precinct committee person for a political party is a person who holds an office or official position in a political party and may not serve as a member of a district judicial nominating commission.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Mary Feighny Assistant Attorney General
RTS:JLM:MF:jm